UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AUDENIA NICOLE THOMAS,

    Plaintiff,

v.                                     Case No:  2:13-cv-75-FtM-38UAM

THE CITY OF FORT MYERS
POLICE DEPARTMENT,

    Defendant.
_____/

## ORDER[1]

Plaintiff initiated this action by filing a Complaint for Discrimination (Doc. #1) on February 5, 2013. On May 1, 2013, Defendant filed a Motion to Dismiss (Doc. #6). Plaintiff filed a response (Doc. #13) on May 29, 2013, and a Corrected Response to Defendant's Motion to Dismiss (Doc. #14) on May 30, 2013. On June 19, 2013, this Court dismissed the Complaint (Doc. #16) without prejudice on the grounds that the acts alleged fell outside the applicable statute of limitations.

On June 28, 2013, Plaintiff timely filed an Amended Complaint (Doc. #17) and on July 12, 2013, Defendant filed a Motion to Dismiss (Doc. #18). On August 9, 2013, Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. #23).  The Motions are now ripe for the Court's review.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

## **BACKGROUND**

The Plaintiff, Audenia Nicole Thomas ("Thomas"), is an African American female employed by the Defendant, City of Fort Myers Police Department ("FMPD") as a law enforcement officer. Thomas has been employed with FMPD since December 18, 1997, wherein she began her employment as a "Community Service Aide." Throughout her time at the FMPD, Thomas worked her way up from Community Service Aide to Patrol Officer and finally to a position in the Detective Division starting in May of 2004. Thomas alleges that soon after being promoted into the Detective Division, the FMPD began to apply race and gender based discriminatory policies against her. For example, after being promoted to the Detective Division, Thomas was required to participate in a "Detective Field Training Program" which she later learned had never existed prior to her becoming a Detective and which ceased to exist upon her completion of the program.

Thomas alleges numerous discriminatory acts including being passed up for promotions in favor of less-qualified Caucasian officers, being written up without cause, being threatened with reprisals by supervisors for complaining about unfair treatment, being called into work while she was off duty for frivolous reasons, and being placed on Administrative Duty in retaliation for Thomas' having filed formal complaints with the City of Fort Myers Human Resources Division and the EEOC.

Thomas alleges that Defendant's discriminatory acts included her being placed on a desk position instead of her normal Detective duties. Thomas alleges that she was "subjected to numerous trumped-up disciplinary action reports" after she sought a reassignment with the FMPD. (Doc. #17, paragraph 38).  Thomas also alleges that one

of the supervisors was heard referring to her as a "dumb black bitch." (Doc. #17, paragraph 39).

Thomas further alleges that Defendant assigned various police officers to conduct clandestine surveillance of her residence in unmarked police vehicles in an attempt to find some act by Thomas which could be used to justify her dismissal. Thomas alleges that Defendant interfered and or tampered with her issued police radio, and failed to conduct mandatory performance evaluations from 2009 through 2011. Thomas alleges that when she would respond to crime scenes, that other officers would ostracize, avoid, and otherwise ignore her, and on several occasions from 2009 through 2012 even left her alone at crime scenes while she was interviewing witnesses thereby putting her safety in jeopardy.

Thomas alleges that on one occasion on or about January 21, 2012, Plaintiff was the subject of a prank that involved having "O.C. Oleoresin & Pepper Spray" sprayed in her patrol vehicle's air conditioning system. When Thomas turned her air-conditioning on, she was immediately sprayed with these chemicals—the same chemicals which the FMPD issues to its officers for use against assailants. (Doc. #17, ¶¶ 58-61).

Thomas' amended complaint (Doc. #17) alleges: one count of race discrimination in violation of 42 U.S.C.A. §§2000e to 2000e-17 and Florida Statute § 760.01 (Count I); one count of gender discrimination under these same statutes (Count 2); one count of retaliatory discrimination and harassment under 42 U.S.C. §2000e-3(a) (Count III); and one count of denial of procedural due process under Article XIV § 1 of the United States Constitution (Count IV).

## **DISCUSSION**

Defendant's Motion to Dismiss (Doc. #18) urges this Court to dismiss Counts I-III based on an alleged failure to bring suit within the applicable statute of limitations. Defendant likewise urges Dismissal of Count IV, on the grounds that Plaintiff failed to allege a protected property interest of which she was deprived. Alternatively, Defendant argues that were such a protected property interest to be found, that Plaintiff has not alleged a deprivation without due process.

In Plaintiff's Response to Defendant's Motion to Dismiss (Doc. # 23), Plaintiff argues that Counts I-III are valid under the "hostile work environment" theory. Here, Plaintiff argues that Defendant's alleged discriminatory acts "are part of the same actionable hostile work environment practice" (Doc. #23 p. 2, ¶ 7) and that the relevant inquiry is whether any of these acts fall within the statutory time period. Plaintiff argues that if this condition is met, that the statute of limitations runs from the last of the acts rather than from any one specific act. Plaintiff also argues that Count IV of her Amended Complaint states a claim for relief because it properly alleges both the existence of a protected property interest of which Plaintiff was deprived as well as that the deprivation was without due process.

## **Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v Fremont Investment & Loan, 2010 WL 98996 * 1 (M.D. Fla. January 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Christopher v. Harbury, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L. Ed.2d 413 (2002).

"To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Insurance Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir.2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir.2004)-has been retired by Twombly. James River Insurance Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1950, 173 L. Ed.2d 868 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b) (6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996 at * 1 (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir.1992).

    1. *Whether the Plaintiff's Claims are Barred by the Statute of Limitations*

In the instant case, Defendant argues that the statute of limitations has passed for Counts I-III. Plaintiff argues that Defendant's acts constitute a continuing course of action which collectively constitute a single wrong act, and that this single act falls within the statute of limitations.

A cause of action for a § 1983 claim accrues when "the plaintiff know[s] or should know (1) that [he has] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Florida's statute of limitations for personal injury claims, and thus for § 1983 claims is four (4) years. Id.

The Eleventh Circuit has observed that Title VII prohibits "a hostile work environment in which a series of separate acts…collectively constitutes one unlawful employment practice." McCann v. Tillman, 526 F.3d 1370, 1378 (internal citations omitted). Unlike "discrete acts such as termination, failure to promote, denial or transfer, or refusal to hire", claims arising under such an environment address "acts different in kind whose very nature involves repeated conduct such as discriminatory intimidation, ridicule, and insult." Id. (quotations omitted).

As the Supreme Court has clarified, "[t]he timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117. Rather, so long as a single contributing act of discrimination occurs within the filing period "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id.

Under McCann, The Eleventh Circuit recognizes a five part test for establishing a hostile work environment claim. 526 F. 3d at 1378. This test includes showing that: (1) Plaintiff belongs to a protected group; (2) that Plaintiff has been subject to unwelcome

harassment; (3) that the harassment must have been based on a protected characteristic of the employee; (4) that "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment"; and (5) that the employer is responsible for such an environment under either a theory of vicarious or of direct liability. Id.

Additionally, in Gowski v. Peake, the Eleventh Circuit recognized a claim for retaliatory hostile work environment under Title VII. 682 F.3d 1299, 1312. As the Middle District has already observed, a Plaintiff may establish a claim for retaliatory hostile work environment by showing: (1) that Plaintiff engaged in a statutorily protected activity; (2) that Plaintiff has been subject to unwelcome harassment; (3) that the harassment was based on Plaintiff's engaging in the protected activity; and (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment. Carman v. Shinseki, 2013 WL 1686117 (M.D. Fla. Apr. 18, 2013).

Accepting all of Plaintiff's factual allegations as true, it is clear that Plaintiff has sufficiently stated a claim for Counts I-III. Plaintiff has alleged an ongoing course of discriminatory activity on the basis of race (Count I), gender (Count II) and in retaliation for her engaging in protected activity under Title VII (Count III). Importantly, Plaintiff has alleged that this course of activity has continued at least until a date falling within the statutory period. For example, in paragraph 49 of the Amended Complaint (Doc. #17) Plaintiff alleges that when she attempted to assist in various investigations, she was told her assistance was unnecessary. Plaintiff alleges that this course of activity has continued as of the filing date of the Amended Complaint. Likewise, paragraph 50

alleges activities that "on several occasions in 2010, 2011, 2012 and 2013, Plaintiff responded to 'at-scene' investigations…[where she was] avoided, and/or ignored, sometimes for extended periods of time."

In light of the Supreme Court's finding in Nat'l R.R. Passenger Corp., that "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability" where at least one discriminatory act takes place within the statutory period, these and other such specific allegations place Counts I-III within the statute of limitations. 536 U.S. at 117. Therefore, the motion to dismiss Counts I-III is denied.

### 2. *Whether Plaintiff was Denied of Due Process*

In Count IV of Plaintiff's First Amended Complaint (Doc. #17), Plaintiff alleges denial of procedural due process pursuant to Article XIV § 1 of the United States Constitution. Defendant has raised several arguments, including that Plaintiff did not have a protected property interest in her job for Due Process purposes. Alternatively, Defendant argues that even if such a property interest existed, no Due Process violation occurred, because Plaintiff was not fired or demoted or otherwise deprived of her property rights. Finally, Defendant argues that even if Plaintiff had a protected property interest in her employment, and was deprived of this right, that she has failed to allege that adequate state remedies do not exist to correct the alleged procedural deficiencies.[2]

---

[2] In the Motion to Dismiss, the Defendant argues that the Plaintiff makes an improper due process violation claim based upon the FMPD's alleged violation of the collective bargaining agreement. (Doc. #18, ¶19). After studying the Amended Complaint (Doc. # 17), the Court believes this is a misstatement of Plaintiff's position. The Court understands Plaintiff's reference to the collective bargaining agreement in this count of the Amended Complaint as evidence that there was a mutually explicit understanding between the parties of Plaintiff's claims of entitlement.

The constitutional right at issue in this case is the right to due process of law under the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment guarantees each citizen that no State shall "deprive any person of life, liberty, or property, without due process of law...." U.S. Const., amend. XIV, § 1. The Supreme Court has determined that the Due Process Clause provides both procedural and substantive rights. Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); Doe v. Moore, 410 F.3d 1337, 1342 (11th Cir.2005). The substantive due process component protects an individual's life, liberty and property against "certain government actions regardless of the fairness of the procedures used to implement them." Daniels v. Williams, 474 U.S. 327, 331 (1986). Substantive due process protects only those rights that are "fundamental," that is, rights that are so implicit in the concept of ordered liberty that neither liberty nor justice would exist if they were sacrificed. Moore, 410 F.3d at 1342–43. "Fundamental rights are those rights created by the Constitution." Greenbriar Vill., L.L.C. v. Mountain Brook City, 345 F.3d 1258, 1262 (11th Cir.2003). "[E]mployment rights are state-created rights and are not 'fundamental rights' created by the Constitution," and therefore are only protected under the procedural, rather than substantive, component of the Due Process Clause. McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir.1994) (en banc).

In the instant case, Plaintiff has alleged a deprivation of her procedural due process rights.  The Eleventh Circuit has explained that an action for procedural due process violation under 42 U.S.C. § 1983 "requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." Doe v. Florida Bar, 630 F.3d 1336, 1342 (11th Cir.

2011). Even if plaintiff alleges and satisfies these elements, she cannot state a federal procedural due process claim if adequate state remedies are available to her. Laney v. Hospital Bd. of Directors of Lee County, 2010 WL 5161367, *3 (M.D. Fla. December 14, 2010) (citing McKinney, 20 F.3d at 1562–64); Walton v. Health Care Dist., 862 So.2d 852, 856 (Fla. 4th DCA 2003). "It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir.2000).

Taken as true, Plaintiff's allegations clearly meet the state action element of this test. At issue in the instant case is whether there was a deprivation of an institutionally-protected property interest and whether there were constitutionally adequate procedural safeguards.

Plaintiff contends that she had a constitutionally protected property interest in her employment; an assertion contested by Defendant. In Perry v. Sindermann, the Supreme Court held that "[a] person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." 408 U.S. 593, 601. As the Court explained in Brown, "state law can create an entitlement to a job through explicit contractual provisions or through rules or mutually explicit understandings." 881 F.2d at 1026 (internal quotations omitted).

In regard to her property interest, Plaintiff was not deprived of her job as a detective nor demoted. The Plaintiff has not lost her employment or her position within

the FMPD.  Therefore, she cannot make a procedural due process claim for the loss of her property interest in a job that she still holds.

Defendant alleges that Plaintiff did not allege that adequate state remedies do not exist to correct the procedural deficiencies.  The Eleventh Circuit has explained that in order to "state a claim under 42 U.S.C. § 1983 for denial of procedural due process, an individual must show the state refused to provide a process sufficient to remedy the procedural deprivation." East v. Clayton Cnty., GA, 436 F. App'x 904, 912 (11th Cir. 2011) (internal citation omitted).

Plaintiff argues that even if this allegation is not sufficient to allege no adequate state remedy, that the Court should nevertheless find that the claim is enough to survive a motion to dismiss under the standard set by Federal Rule of Civil Procedure 8(a)(2). As support for this position, Plaintiff sites to Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955 (11th Cir. 2008) where the Eleventh Circuit applied the Supreme Court's Twombly standard to find that "Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Id. at 974 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544).

In Cotton v. Jackson, the Eleventh Circuit held that constitutional violations actionable under section 1983 arise "only when the state refuses to provide a process sufficient to remedy the procedural deprivation". 216 F.3d 1328, 1330.  The Plaintiff has done no more than state that she was left "without any means of recourse" to the alleged constitutional due process violations. (Amended Complaint, (Doc. #17), ¶¶ 85,

11

87).  Such an allegation is not sufficient to allege that Plaintiff had inadequate state remedies for a 1983 Due Process claim since the State of Florida provides remedies through the Officers Bill of Rights which gives the officers the right to a complaint review board and to bring a civil suit in state court.  Fla. Stat. § 112.532(2)(3).  Here, Plaintiff failed to utilize the state procedures available to redress the alleged deprivation of procedural due process and thus she cannot state a § 1983 claim.  Since the State of Florida has given the Plaintiff a remedy for her procedural due process claim and she has failed to utilize those procedures, Count IV is due to be dismissed.

Accordingly, it is now

**ORDERED:**

Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #18) is **DENIED IN PART AND GRANTED IN PART**.

1. With respect to Claims I-III of the Amended Complaint (Doc. #17), Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #18) is **DENIED**.

2. With respect to Claim IV of the Amended Complaint (Doc. #17), Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #18) is **GRANTED**.  Count IV of the Amended Complaint is hereby **DISMISSED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of October, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record